UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                    Plaintiff,

        -against-

POLICE OFFICER DARIEL BERNAL,
ARRESTING OFFICER, NEWARK PD;
DOCTOR THAT ORDERED THE
SEDATIVES; JOHN DOE, OFFICER #1
(PARTNER OF A.O.),

                    Defendants.

20-CV-9329 (CM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the Anna M. Kross Center on Rikers Island, filed this

action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show

cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison

Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to

the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is

therefore barred under § 1915(g) from filing any actions IFP. *See Lurch v. City of New York*, ECF

1:18-CV-2379, 11 (S.D.N.Y. June 12, 2018) (dismissed for failure to state a claim); *Lurch v.*

*N.Y.C. Dep't. of Corr.*, ECF 1:16-CV-3835, 11 (S.D.N.Y. Nov. 11, 2016) (dismissed for failure

to state a claim); *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL

12172637 (E.D.N.C. June 7, 2013), *adopted sub nom., Lurch v. Fayetteville Police Dep't & the

Pantry, Inc.*, ECF 5:13-CV-0394, 13, 2013 WL 12172877 (July 31, 2013) (dismissed as

frivolous). Because Plaintiff is barred under § 1915(g), unless he is "under imminent danger of

serious physical injury," Plaintiff may not proceed IFP, but rather must prepay the full $400.00 in

filing fees required to bring an action in this Court.

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious

physical injury.[1] Instead, Plaintiff alleges that on September 26, 2020, he was falsely arrested in

Newark, New Jersey,[2] and that during the course of that arrest, Defendant Bernal used excessive

force against him. Plaintiff alleges further that he was taken to University Hospital and at the

hospital, he was forcibly medicated.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the

Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important

role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the

court may overlook valid answers to its perception of defects in the plaintiff's case," and

prevents unnecessary appeals and remands).

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] Because Newark, New Jersey is not located in this district, *see* 28 U.S.C. § 112(b), even if Plaintiff was not barred under 28 U.S.C. § 1915(g), jurisdiction for his claims would not be proper in this Court.

The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

---

[3] Plaintiff is not barred from filing a new case by prepaying the filing fee.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 9, 2020
          New York, New York

_____
                      COLLEEN McMAHON
              Chief United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)             Signature

_____        _____
Name                           Prison Identification # (if incarcerated)

_____        _____
Address                City                     State        Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)