UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                Plaintiff,

-against-

POLICE OFFICER DARIEL BERNAL,
ARRESTING OFFICER, NEWARK PD;
DOCTOR THAT ORDERED THE
SEDATIVES; JOHN DOE, OFFICER #1
(PARTNER OF A.O.),

                Defendants.

20-CV-9329 (CM)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). By order dated November 9, 2020, the Court noted that while a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and it ordered Plaintiff to show cause by affirmation within thirty days why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner. Plaintiff failed to file an affirmation within the time allowed.

## CONCLUSION

    While Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not filed an affirmation as directed in the Court's order to show cause, Plaintiff is barred from filing future actions IFP in this Court while a prisoner unless he is under imminent threat of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 21, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff may commence a new federal civil action by paying $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).