UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                Plaintiff,

-against-

POLICE OFFICER DARIEL BERNAL,
ARRESTING OFFICER, NEWARK PD;
DOCTOR THAT ORDERED THE
SEDATIVES; JOHN DOE, OFFICER #1
(PARTNER OF A.O.),

                Defendants.

20-CV-9329 (CM)

TRANSFER ORDER

COLLEEN McMAHON, United States District Judge:

      Plaintiff Robert Derek Lurch Jr. brings this action *pro se*. By order dated November 9, 2020, the Court directed Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's (PLRA) three-strikes provision. (ECF No. 3.) Plaintiff did not file a declaration in response to the Court's November 9, 2020, order, and by order dated December 21, 2020, the Court held that Plaintiff was barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner. (ECF No. 4.)

      On January 19, 2022, Plaintiff filed a motion seeking reconsideration of the Court's December 21, 2020, order. (ECF No. 6.) The Court construed Plaintiff's motion as asserting that he was not incarcerated when he filed this action, determined that Plaintiff was incarcerated when this action was filed, and therefore denied Plaintiff's request for reconsideration. (ECF No. 7.) In that order, the Court also noted that because Newark, New Jersey is not located in this district, *see* 28 U.S.C. § 112(b), even if Plaintiff was not barred under 28 U.S.C. § 1915(g), venue for his claims would not be proper in this Court.

On February 2, 2022, Plaintiff filed a letter clarifying that the argument in his motion for reconsideration was that he was not incarcerated when he filed *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL 12172637 (E.D.N.C. June 7, 2013), *adopted sub nom., Lurch v. Fayetteville Police Dep't & the Pantry, Inc.*, ECF 5:13-CV-0394, 13, 2013 WL 12172877 (July 31, 2013) (dismissed as frivolous). A closer review of that case revealed that Plaintiff was not incarcerated when he filed that action. Therefore, by order dated March 28, 2022, the Court vacated the denial of Plaintiff's motion for reconsideration, (ECF No. 7), granted the motion, and held that at the time Plaintiff filed this action, he was not barred under 28 U.S.C. § 1915(g), the PLRA's three-strikes provision, from filing actions IFP. (ECF No. 9.)

In this action, Plaintiff alleges that Defendants violated his rights in Newark, New Jersey. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Plaintiff alleges that Defendants falsely arrested him and used excessive force against him on September 26, 2020, and forcibly medicated him on September 27, 2020, in Newark, New Jersey. Because Plaintiff does not allege that any defendant resides in this district or that a

2

substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under Section 1391(b). Plaintiff's claims arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 29, 2022
         New York, New York

_____
COLLEEN McMAHON
United States District Judge